# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 21-4335 JLS (RAO) | Date: | May 28, 2021 |
| Title: | William Leon Malone v. Josie Gastelo, Warden | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED [1]**

On May 10, 2021, Petitioner William Leon Malone, a state prisoner who is currently incarcerated at the California Men's Colony in San Luis Obispo, California after his conviction on April 29, 2013 in Los Angeles County Superior Court, and who is proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). Petitioner also filed a Memorandum of Points and Authorities in Support and an Affidavit of Facts in Support. Dkt. Nos. 2, 3.

The Court has screened the Petition and supporting documents, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which provides that the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the following reasons, Petitioner is ordered to show cause why the Petition should not be dismissed.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Petitioner's conviction became final on June 28, 2013, when the 60-day period to file a direct appeal of his conviction and sentence in state court expired. *See, e.g.*, *Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006). Therefore, the statute of limitations expired one year later, on June 28, 2014. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not file this Petition, however, until May 10, 2021, almost seven years after the deadline. Absent statutory or equitable tolling, the Petition is untimely and must be dismissed.[1]

---

[1] Petitioner attached to his Petition copies of the state court orders denying the habeas corpus petitions that he filed in 2020. Petition, Exhs. A, B. He has not provided any evidence,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  CV 21-4335 JLS (RAO)                           Date: May 28, 2021
Title:     William Leon Malone v. Josie Gastelo, Warden

    In light of the foregoing, IT IS HEREBY ORDERED that Petitioner shall show cause in writing, on or before **June 28, 2021**, why this action should not be dismissed. **Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

    **IT IS SO ORDERED.**

                                                                                                                               :
                                                                                                                             dl

---

however, that he filed an appeal of his 2013 conviction. Although he checked boxes on his form habeas petition to indicate that he did so, Petition at 1, 2, Petitioner did not provide either case numbers or dates for those filings and a review of the state appellate website, at www.appellatecases.courtinfo.ca.gov, does not unearth any evidence of the alleged appeal.